IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**KENNETH KENNER**                                                                                  **PLAINTIFF**

VS.                                        Case No. 04-CV-4021

**DOMTAR INDUSTRIES, INC.**                                                          **DEFENDANT**

**ORDER**

Before the Court are Defendant Domtar Industries, Inc.'s ("Domtar") Motion for Reconsideration[1] (doc. 37) and Domtar's Motion to Shorten Time for Plaintiff to Respond to Defendant's Motion for Reconsideration (doc. 38). The Court finds these motions ripe for consideration and, for the following reasons, finds the motion to reconsider should be denied and the motion to shorten time for Plaintiff to respond to the motion for reconsideration should be denied as moot.

The Court disagrees with Domtar that the existence of a shift swap system in a collective bargaining agreement can establish a reasonable accommodation as a matter of law. Because Plaintiff has established his prima facie case (for purposes of these summary judgment proceedings) Domtar has the burden of proving that it offered Plaintiff a reasonable accommodation. In its motion for reconsideration, Domtar argues "[it] did not sit idly by and not allow Kenner to swap shifts . . . [and it] made an effort to enforce the CBA by allowing Plaintiff to actually swap shifts where he could be off for religious purposes." Title VII's reasonable accommodation provisions contemplate an interactive process, with cooperation between the employer and the employee, but which must be initiated by the employer. In this case, there is no evidence before the Court that Domtar initiated this process, only that a shift-swap system was in existence.

Also, the Court finds that Domtar has not established that it is entitled to summary

---

[1]Although the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, and Domtar fails to identify what rule it is proceeding under, the Court will construe this motion as made pursuant to Rule 60(b) which allows relief from a Court's order under certain designated conditions.

judgment by showing that no accommodation was possible because it would impose an undue hardship. The record contains fact issues as to what monetary costs would be born by Domtar if it accommodated Plaintiff, and whether or not any accommodation would contravene the provisions of the collective bargaining agreement between Plaintiff's union and Domtar.

The Court remains unwilling to grant summary judgment in Domtar's favor based on the record before the Court. To the extent that Domtar's motion for reconsideration attempts to raise new legal arguments, the Court finds it improperly before the Court and should be denied.

Upon consideration, for the foregoing reasons, the Court finds the Motion for Reconsideration (doc. 37) should be and hereby is **denied** and the Motion to Shorten Time for Plaintiff to Respond to the Motion for Reconsideration (doc. 38) should be and hereby is **denied as moot**.

**IT IS SO ORDERED** this 13th day of March, 2006.

                                      /s/ Harry F. Barnes
                                        Hon. Harry F. Barnes
                                        U.S. District Judge