IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**KENNETH KEENER**                                                                         **PLAINTIFF**

**VS.**                                      **Case No. 04-CV-4021**

**DOMTAR INDUSTRIES, INC.**                                      **DEFENDANT**

<u>**ORDER**</u>

Before the Court is Plaintiff Kenneth Keener's Motion for Judgment Notwithstanding the Verdict and/or Motion for New Trial. (Doc. 55). Defendant Domtar Industries, Inc. ("Domtar") has responded. (Doc. 57). The Court finds this motion ripe for consideration and, for the following reasons, finds the motion should be denied.

Keener argues in his motion that the jury ruled against him because any relief granted might cause conflicts with union employees. Keener argues that the proper standard is whether an accommodation to Keener would cause an undue hardship to Domtar and not to its employees. Keener also argues that the collective bargaining agreement entered into evidence indicates that federal law must be followed. Keener requests a new trial because the jury apparently found that Domtar failed to accommodate Keener and the collective bargaining agreement requires Domtar to adhered to federal law.

Judgment as a matter of law is appropriate when there is no legally sufficient evidentiary basis for a reasonable jury to find for that party, viewing the evidence in the light most favorable to the prevailing party and giving the prevailing party the benefit of all reasonable inferences. <u>Wash Solutions, Inc. v. PDQ, Mfg., Inc.</u>, 395 F.3d 888 (8th Cir. 2005). "Judgment as a matter of law is appropriate when the record contains no proof beyond speculation to support a verdict." <u>Id.</u> A court may grant a new trial when the first trial resulted in a miscarriage of justice, through a verdict against the weight of the evidence, an excessive damage award or legal errors at trial. <u>Gray v. Bicknell</u>, 86 F.3d 1472 (8th Cir. 1996).

The Court finds that Keener has not met his burden of showing that a new trial is appropriate or that he is entitled to a judgment notwithstanding the verdict or as a matter of law. The evidence presented at trial was legally sufficient to support a reasonable jury's verdict in Domtar's favor. Further, the verdict was not against the weight of the evidence, the verdict does not result in a miscarriage of justice and Keener has failed to elaborate on the legal errors he believes the Court committed or the evidence that would support a jury verdict in his favor. Keener's motion essentially speculates to the jury's thought process in coming to its decision

Upon consideration, for the foregoing reasons the Court finds the Motion for Judgment Notwithstanding the Verdict and/or Motion for New Trial (Doc. 55) should be and hereby is **denied**.

**IT IS SO ORDERED** this 3rd day of May, 2006.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
U.S. District Judge